**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JULIA GENO,**

**Plaintiff,**

**v.** **Case No:**

**COMENITY BANK.**

**Defendant.** **DEMAND FOR JURY TRIAL**
______________________________/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **JULIA GENO** ("Mrs. Geno" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **COMENITY BANK** ("Defendant"), and in support thereof states as follows:

## *Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such debt using an automatic telephone dialing system or automated voice or prerecorded message to call Mrs. Geno's Cellular Telephone after Mrs. Geno demanded that Defendant stop calling her Cellular Telephone, and by calling Mrs. Geno's mother, sister, and husband, which can all reasonably be expected to harass Mrs. Geno.

## ***Jurisdiction and Venue***

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. §1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## ***Parties***

4. Plaintiff, Mrs. Geno, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Mrs. Geno is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 734-***-5692 ("Mrs. Geno's Cellular Telephone").

6. At all times material hereto, Defendant was and is an active bank with its principle place of business in the State of Delaware located at One Righter Parkway, Suite 100, Wilmington, Delaware 19803.

## ***Statements of Fact***

7. Mrs. Geno opened a Victoria's Secret credit card account with Defendant, which opened a unique account in Mrs. Geno's name ("Account").

8. In or around September of 2017, Mrs. Geno encountered financial difficulties caused by Hurricane Irma's damage to her home and the birth of her first

child, which made her fall behind on payments to Defendant and incur an outstanding balance owed on the Account ("Debt").

9. Shortly thereafter, in an attempt to satisfy the Debt, Mrs. Geno entered into a payment plan arrangement with Defendant.

10. Despite Mrs. Geno entering into a payment plan arrangement with Defendant, Defendant's calls to Mrs. Geno's Cellular Telephone continued.

11. Mrs. Geno spoke with one of Defendant's representatives in late 2017 and informed Defendant that she was on a payment plan and that she could not understand why Defendant continued to call her Cellular Telephone.

12. In response, Defendant's representative stated they would note Mrs. Geno's file to stop Defendant's calls to Mrs. Geno's Cellular Telephone.

13. Despite Defendant's representative stating that Mrs. Geno's file would be updated to stop Defendant's calls to Mrs. Geno's Cellular Telephone, Defendant's calls to Mrs. Geno's Cellular Telephone still continued through 2018.

14. In the beginning of August 2018, Mrs. Geno answered one of Defendant's calls and told Defendant that she would make a payment towards the Account when she was able and demanded that Defendant stop calling her Cellular Telephone.

15. Despite Mrs. Geno's repeated demands that Defendant stop calling her Cellular Telephone, Defendant's calls to Mrs. Geno's Cellular Telephone relentlessly continued.

16. Specifically, Defendant has placed at least one hundred and fifty (150) calls to Mrs. Geno's Cellular Telephone from August 4, 2018 to the present date.

17. Defendant has called Mrs. Geno's Cellular Telephone up to five (5) times in a single day.

18. Defendant called Mrs. Geno's Cellular Telephone from several different telephone numbers, including, but not limited to: 913-312-9490, 844-271-2816, 614-754-4059, 614-754-4060, 800-695-0019, and 720-728-3207.

19. To make matters worse, Defendant has also repeatedly called Mrs. Geno's mother, sister, and husband in attempts to collect the Debt.

20. Mrs. Geno never provided Defendant with her mother, sister, or husband's telephone numbers.

21. Defendant's calls to Mrs. Geno's mother, sister, and husband in attempts to collect the Debt have caused Mrs. Geno extreme embarrassment.

22. All of Defendant's calls to Mrs. Geno's Cellular Telephone were placed in an attempt to collect the Debt.

23. All of Defendant's calls to Mrs. Geno's mother, sister, and husband were placed in an attempt to collect the Debt.

***Count 1: Violation of the Telephone Consumer Protection Act***

24. Mrs. Geno re-alleges paragraphs 1-23 and incorporates the same herein by reference.

25. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded

> voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

26. Mrs. Geno revoked consent for Defendant call her Cellular Telephone by using an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in late 2017 when she spoke with Defendant's representative and informed Defendant that she was on a payment plan and that she could not understand why Defendant continued to call her Cellular Telephone.

27. Further, Mrs. Geno revoked consent for Defendant to call her Cellular Telephone using an ATDS or artificial voice or prerecorded message again in or around August of 2018 when she expressly told Defendant to stop calling her.

28. Despite Mrs. Geno's repeated revocations of consent for Defendant to use an ATDS or artificial voice or prerecorded message to call her Cellular Telephone, Defendant thereafter called Mrs. Geno's Cellular Telephone at least one hundred and fifty (150) times.

29. Defendant did not place any emergency calls to Mrs. Geno's Cellular Telephone.

30. Defendant willfully and knowingly placed non-emergency calls to Mrs. Geno's Cellular Telephone.

31. Mrs. Geno knew that Defendant called Mrs. Geno's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her cellular telephone before a live representative of Defendant came on the line.

32. Mrs. Geno knew that Defendant called Mrs. Geno's Cellular Telephone using a prerecorded voice because Defendant left Mrs. Geno at least one voicemail using a prerecorded voice.

33. Defendant used an ATDS when it placed at least one call to Mrs. Geno's Cellular Telephone.

34. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mrs. Geno's Cellular Telephone.

35. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Mrs. Geno's Cellular Telephone.

36. Under information and belief, Defendant used an ATDS when it placed all calls to Mrs. Geno's Cellular Telephone.

37. At least one call that Defendant placed to Mrs. Geno's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

38. At least one call that Defendant placed to Mrs. Geno's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

39. At least one call that Defendant placed to Mrs. Geno's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

40. At least one call that Defendant placed to Mrs. Geno's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

41. At least one call that Defendant placed to Mrs. Geno's Cellular Telephone was made using a prerecorded voice.

42. Defendant has recorded at least one conversation with Mrs. Geno.

43. Defendant has recorded more than one conversation with Mrs. Geno.

44. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mrs. Geno, for its financial gain.

45. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mrs. Geno's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

46. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mrs. Geno, despite individuals like Mrs. Geno revoking any consent that Defendant believes it may have to place such calls.

47. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mrs. Geno's Cellular Telephone.

48. Defendant has corporate policies to abuse and harass consumers like Mrs. Geno despite having actual knowledge that the called person does not wish to be called.

49. Defendant's phone calls harmed Mrs. Geno by trespassing upon and interfering with Mrs. Geno's rights and interests in her Cellular Telephone line.

50. Defendant's phone calls harmed Mrs. Geno by wasting her time.

51. Defendant's phone calls harmed Mrs. Geno by being a nuisance and causing her aggravation.

52. Defendant's phone calls harmed Mrs. Geno by causing a risk of personal injury to Mrs. Geno due to interruption and distraction.

53. Defendant's phone calls harmed Mrs. Geno by invading her privacy.

54. Defendant's phone calls harmed Mrs. Geno by causing her extreme emotional distress.

55. Defendant's phone calls harmed Mrs. Geno by causing her embarrassment.

56. Defendant's phone calls harmed Mrs. Geno by causing her loss of sleep.

57. Defendant's phone calls harmed Mrs. Geno by causing her stress.

58. Defendant's phone calls harmed Mrs. Geno by causing her anxiety.

59. Defendant's phone calls harmed Mrs. Geno by harming her reputation.

60. Defendant's phone calls harmed Mrs. Geno by interrupting her work because Defendant's calls often occur while Mrs. Geno is in a work meeting.

61. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

***Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")***

62. Mrs. Geno re-alleges paragraphs 1-23 and incorporates the same herein by reference.

63. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(5) by disclosing to Mrs. Geno's mother, sister, and husband information affecting Mrs. Geno's reputation with knowledge or reason to know that Mrs. Geno's mother, sister, and husband did not have a legitimate business need for the information.

b. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mrs. Geno's Cellular Telephone in attempts to collect the Debt despite Mrs. Geno's demands that Defendant cease its calls because she had encountered financial difficulties that caused her to fall behind on her

payments towards the Account, which can reasonably be expected to harass Mrs. Geno.

c. Defendant violated Fla. Stat. § 559.72(7) by calling Mrs. Geno's mother, sister, and husband without Mrs. Geno's permission, which can reasonably be expected to harass Mrs. Geno.

d. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Mrs. Geno's mother, sister, and husband with such frequency as can reasonably be expected to harass Mrs. Geno's mother, sister, and husband.

64. As a result of the above violations of the FCCPA, Mrs. Geno has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

65. Defendant's phone calls harmed Mrs. Geno by trespassing upon and interfering with Mrs. Geno's rights and interests in her Cellular Telephone line.

66. Defendant's phone calls harmed Mrs. Geno by wasting her time.

67. Defendant's phone calls harmed Mrs. Geno by being a nuisance and causing her aggravation.

68. Defendant's phone calls harmed Mrs. Geno by causing a risk of personal injury to Mrs. Geno due to interruption and distraction.

69. Defendant's phone calls harmed Mrs. Geno by invading her privacy.

70. Defendant's phone calls harmed Mrs. Geno by causing her extreme emotional distress.

71. Defendant's phone calls harmed Mrs. Geno by causing her embarrassment.

72. Defendant's phone calls harmed Mrs. Geno by causing her loss of sleep.

73. Defendant's phone calls harmed Mrs. Geno by causing her stress.

74. Defendant's phone calls harmed Mrs. Geno by causing her anxiety.

75. Defendant's phone calls harmed Mrs. Geno by harming her reputation.

76. Defendant's phone calls harmed Mrs. Geno by interrupting her work because Defendant's calls often occur while Mrs. Geno is in a work meeting.

77. It has been necessary for Mrs. Geno to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

78. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff, Julia Geno, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 21, 2018**,

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Ste. A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff